# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN JR.,

        Plaintiff,

vs.                                                                   No. CV 19-00595 KWR/JHR

NENMDF/GEO GROUP
PRISON LAW LIBRARY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A on the Complaint (Tort) (Doc. 1-1) filed by Plaintiff Woodrow Dunn Jr. in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on May 23, 2019 and removed to this Court by the Defendant on June 28, 2019 (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

### 1. Factual and Procedural Background

Plaintiff Woodrow Dunn, Jr., is a prisoner incarcerated at the Northeastern New Mexico Detention Facility. (Doc. 1-1 at 1). Plaintiff Dunn is proceeding pro se. On February 24, 2013, Plaintiff Dunn shot and killed David Rogers at close range in front of witnesses including Plaintiff's father, Woodrow Dunn Sr. Plaintiff Dunn was charged with first degree murder in New Mexico state court cause no. D-506-CR-2014-00159. The Court has reviewed the official record in Dunn's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA). The Court takes judicial notice of the official New Mexico court records in case no. D-506-CR-2014-00159. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other

1

courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (unpublished opinion) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

In case no. D-506-CR-2014-00159, Dunn agreed to plead guilty to Second Degree Murder. The Plea and Disposition Agreement expressly stated that "there are no agreements as to sentencing" and noted that the basic sentence that could be imposed for Second Degree Murder was 15 years. The Agreement reserved the State's right to bring habitual offender charges as provided by law. (October 6, 2014 Plea and Disposition Agreement). Dunn was represented by counsel, Public Defender Bryan Collopy, and the Plea and Disposition Agreement was signed by Dunn and his counsel and approved by the Court. (October 6, 2014 Plea and Disposition Agreement at pp. 3-5). Dunn was sentenced to 15 years imprisonment with additional one-year enhancements under New Mexico's firearm statute and habitual offender statute. (April 13, 2015 Judgment & Sentence). Two days after sentencing, Dunn filed a Motion seeking to withdraw his plea on the grounds that the sentence imposed was not in accordance with the agreed recommendations in the Plea and Disposition Agreement. (April 15, 2015 Motion to Withdraw Plea). The Court denied his Motion to withdraw the plea. (February 3, 2016 Order Denying Motion to Withdraw Plea).

Dunn filed a prior Complaint in this Court on May 10, 2018. (*Dunn v. Scramblin,* No. CV 18-441 RB/KRS, Doc. 1). Plaintiff Dunn claimed that he was convicted of Second Degree Murder based on a false statement by District Attorney Scramblen. (CV 18-441 RB/KRS, Doc. 1 at 1; Doc.

5). Dunn asserted that:

> "Woodrow Dunn Jr intenshionally took the 357 out of the box a kill Mr. Roger that is False Fact. 'Fact' Mr. Rogers was not kill with a 357 . . . Fact I do not let Erik Scramblen retrack the statement quote <u>Erik Scramblen</u> Woodrow Dunn Jr intenshonlly took a 357 out the box and intentshionlly kill Mr. Rogers on 2-24-13 I was convicted with a false statement."

(CV 18-441 RB/KRS, Doc. 1 at 2, ¶ 5). The essence of Dunn's claim was that the District Attorney's statement regarding shooting Mr. Rogers with a .357 magnum revolver is false because the gun actually used in the murder was a Ruger .44 magnum Super Black Hawk revolver. (CV 18-441 RB/KRS, Doc. 1 at 7, 9). Dunn contended that the misstatement as to the caliber of the gun deprived him of 4th and 14th Amendment rights to due process and a fair trial. (Doc. 1 at 2). Dunn sought $500,000 for false imprisonment, to have his "wrongful" conviction removed from his record, and to be released from prison. (CV 18-441 RB/KRS, Doc. 1 at 3). An Amended Prayer for Relief asked this Court to expunge his full criminal record and order the Governor of New Mexico to issue him a full pardon and restore his gun rights. (CV 18-441 RB/KRS, Doc. 4 at 2). The Court dismissed his claims based on prosecutorial immunity, failure to state a claim, and the *Heck v. Humphry* bar. (CV 18-441 RB/KRS, Doc. 13, 19).

Dunn has filed four prior civil rights cases and two habeas corpus cases under 28 U.S.C. §2254 in this Court. *See Dunn v. Scramblen,* CV 18-441 RB/KRS *Dunn v, State,* No. CV 18-394 JB/KK, *Dunn v. Collopy,* CV 18-528 JB/SCY, *Dunn v. Collopy,* No. CV 18-900 KG/GBW, *Dunn v. Collopy,* CV 18-1043 KG/JHR, and *Dunn v. NENMDF,* No. CV 19-499 MV/GJF. Cases CV 18-441 and CV 18-900 were dismissed for failure to state a claim for relief. Cases CV 18-394 and CV 18-1043 were voluntarily dismissed. Case no. CV 18-528 was dismissed under Fed. R. Civ. P. 41(b). Case CV 19-499 remains pending before the Court. Including this case, Dunn also filed five civil rights complaints in state court, which were removed to this Court by the Defendants and

are currently pending. *See Dunn v. NENMDF,* CV 19-548 KWR/GBW, *Dunn v. NENMDF,* CV 19-595 KWR/JHR, *Dunn v. NENMDF,* CV 19-876 RB/KK, *Dunn v. NENMDF,* CV 19-881 KWR/KRS, and *Dunn v, NENMDF,* CV 19-882 JB/CG.

Plaintiff Dunn commenced this case in state court on May 23, 2019. (Doc. 1-1). The case was removed by Defendant to this Court on June 28, 2019. (Doc. 1). He names, as the Defendant, NENMDF/Geo Group Prison Library. (Doc. 1-1 at 1). Plaintiff Dunn describes the nature of his claims as follows:

> "Law library knowly willfully delberty intenshional geting in the way of me fighting the murder charge. they will not produce the evidence off of the CD on paper of the DA aquising Woodrow Dunn of intenshionaly kill Mr. Roger with a 357 in case #D-506-CR-2014-00059."

(Doc. 1-1 at 1). He alleges:

> "Law Library violated 1st Amendment and Due Process Rights by failing to produce record of DA statement aquising W Dunn Jr of intenshional taking 357 out of the box and kill Mr. Rogers can not speak on my own behalf to defended my self legal in court without DA statement off of the CD court transcript as requested."

(Doc. 1-1 at 2). Dunn also alleges that the prison law library's failure to provide him with a print copy of the District Attorney's statement is a violation of "Professional Rules of Judicial Conduct NMRA 21-206." (Doc. 1-1 at 2). Dunn seeks "Settlement" in the amount of $100,000. (Doc. 1-1 at 5).

## 2. **Standard for Failure to State a Claim**

Plaintiff Dunn is proceeding pro se. The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915A. A claim should be dismissed where it is legally or

4

factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915A, the Court is to dismiss a complaint by a prisoner seeking redress against government officials if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### 3. § 1983 Claims for Relief

Plaintiff asserts constitutional claims. (Doc. 1 at 2). Although he does not cite to 42 U.S.C. § 1983, the Court construes his allegations as raising civil rights claims under § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See,

*Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by identified government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

**A. Plaintiff Dunn's Complaint Fails to State a Claim for Relief:** Plaintiff Dunn's Complaint fails to state any claim for relief on several grounds. First, the only named Defendant is the prison library. (Doc. 1-1 at 1). A prison facility, including its library, is not a suable entity

under § 1983. "[A] detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 Fed. App'x. 852, 853 (10th Cir. 2001)(unpublished). The Court has applied this rule in the context of § 1983, holding that "a detention center is not a suable entity in a § 1983 action." *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014). A detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983." *Kristich v. Metropolitan Detention Ctr.*, 2016 WL 5387675 at *2 (D.N.M. 2016).

Although Plaintiff's attachments to the Complaint vaguely mention one person, "Mrs. R. Trujillo, Desk Clerk", (Doc. 1-1 at 4), he does not name that person as a defendant and does not make any factual allegations showing individualized conduct by that person that violated his constitutional rights. (Doc. 1-1 at 1-3). Plaintiff's Complaint does not allege personal involvement by an identified official in an alleged constitutional violation under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Plaintiff makes no factual allegations that any government official defendant, through the official's own individual actions, violated the Constitution and, as a consequence, the Complaint fails to state a claim for relief. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Second, although Plaintiff Dunn claims First Amendment and due process violations, his allegations that the library deprived him of evidence needed to defend against criminal charges appear to be more in the nature of access to the court claims. Prisoners have a constitutional "right of access to the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (emphasis in original). But they do not have "an abstract, freestanding right to a law library or legal assistance." *Id*. at 351. A prisoner alleging a constitutional deprivation based on the denial of access to legal resources must therefore "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. Plaintiff provide specific details demonstrating that the alleged denial of resources prevented him from filing or pursuing an identified legal

7

proceeding. *See, e.g., Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (finding that petitioner "provided no specificity regarding the alleged lack of access [to federal statutes, state case law and AEDPA materials] and the steps he took to diligently pursue his federal claims" and concluding that "[i]t is not enough to say that the [prison] lacked all relevant statues and case law or that the procedure to request specific materials was inadequate").

Plaintiff Dunn does not specify any particular case where he has been deprived of the opportunity to defend or prosecute but, instead, makes only generalized allegations that Defendant has gotten "in the way of me fighting the murder charge." (Doc. 1-1 at 1). His allegations that the prison library failed to provide him a transcript of the prosecutor's argument in a state criminal murder proceeding that was concluded over five years ago do not state a constitutional deprivation claim. *Lewis v. Casey,* 518 U.S. at 351.

Further, Dunn cannot establish that he has been prejudiced in any proceeding by the failure to provide him with the statement. Even if the prison library provided Dunn with a transcript of the prosecutor's argument at his criminal trial, the argument does not constitute evidence and the prosecutor would be immune from suit. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff Dunn's attempts to obtain monetary relief for his conviction would still be barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). As Dunn has already been told, the prosecutor's alleged misstatement is not an actionable constitutional violation under § 1983. Dunn's Complaint that the prison library failed to provide Dunn with a transcript of the statement is legally and factually insufficient to state a plausible claim for relief and must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570; 28 U.S.C. § 1915A.

**B. Plaintiff's Claims are Frivolous:** By statute, all claims by prisoners seeking redress against a governmental entity, officer, or employee are subject to frivolousness screening. 28 U.S.C. § 1915A(a). Section 1915A provides: "[t]he court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall ... dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ... or fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(a),(b)(l).

A claim is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1108 (10th Cir.1991) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A determination of factual frivolousness is appropriate when the factual allegations rise to the level of irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). A delusional scenario will justify a 1915(d) dismissal for factual frivolousness. *See Neitzke v. Williams,* 490 U.S. at 327-28. Dismissal is appropriate for a claim based on an indisputably meritless legal or factual theory. *Neitzke v. Williams*, 490 U.S. at 325–30; *Johnson v. Raemisch*, 763 F. App'x 731, 733 (10th Cir. 2019).

Plaintiff claims that a prison law library violated his constitutional rights and the New Mexico rules of judicial conduct by not providing him with a printed copy of a statement by the prosecutor made in recorded court proceedings in his 2014 criminal trial. (Doc. 1-1 at 1-3). His criminal conviction has been affirmed and this Court has already ruled that the prosecutor's alleged misstatement does not afford Dunn any basis for relief under § 1983. (CV 18-441 RB/KRS, Doc. 13, 19). Dunn's Complaint is lacking any legal or factual basis and is meritless. *Neitzke v. Williams*, 490 U.S. at 325–30. Therefore, the Court will dismiss the Complaint under 28 U.S.C. §§ 1915A, 1915(d), and 1915(e)(2)(B).

## IV. Amendment Would Be Futile

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Complaint would be futile. As set out, above, Dunn's claims are frivolous and unsupported by any coherent factual allegations. Moreover, Plaintiff has filed multiple cases in this and state court, giving him several prior opportunities to attempt to state a viable claim for relief. There does not appear to be any amendment Plaintiff could make that would cure the problems with his pleading. *Bradley v. Val-Mejias,* 379 F.3d at 901. The Court will dismiss the Complaint without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

**IT IS ORDERED** that the Complaint (Tort) (Doc. 1-1) filed by Plaintiff Woodrow Dunn Jr. is **DISMISSED with prejudice** for failure to state a claim and as frivolous.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE